UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAHAKU,<br><br>    Plaintiff,<br><br>    v.<br><br>K. WALLANCE, et al.,<br><br>    Defendants. | No. 2:20-cv-1807 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. As set forth below, plaintiff's motion is denied.

Plaintiff's Complaint

Plaintiff alleges that defendants K. Wallace, A. Bustamante, T. Freitas, J. Vina, E. Speer, J. Canela, N. Hang, and G. Ellis conspired to retaliate against plaintiff by conducting multiple retaliatory cell searches because plaintiff filed lawsuits in which plaintiff received monetary settlements. (ECF No. 8.)

Governing Standards

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28

U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Discussion

This action proceeds on plaintiff's well-plead original complaint. Plaintiff is able to articulate his claims, and successfully settled prior civil rights cases without benefit of counsel. Plaintiff has propounded voluminous discovery requests. (ECF No. 24 at 2.) Under the current scheduling order, discovery closes on July 16, 2021, and as plaintiff points out, details concerning the August 9, 2019 cell search will largely turn on the credibility of the parties. Thus, at this time, the undersigned is unable to find that plaintiff is likely to succeed on the merits of his claims. Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 23) is denied without prejudice.

Dated: June 25, 2021

/bh/cw/kaha1807.31

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE