UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAHAKU,<br><br>   Plaintiff,<br><br>  v.<br><br>K. WALLANCE, et al.,<br><br>   Defendants. | No. 2:20-cv-1807 KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

  Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Defendants seek a ninety-day extension of time to respond to plaintiff's "voluminous" discovery requests which consist of at least 210 pages. (ECF No. 24 at 2.) Subsequently, plaintiff filed a motion to modify the discovery and scheduling order to allow him time to receive and review defendants' discovery responses, and file a motion to compel further responses. As discussed below, the parties' motions are granted.

Plaintiff's Complaint

  Plaintiff alleges that defendants K. Wallace, A. Bustamante, T. Freitas, J. Vina, E. Speer, J. Canela, N. Hang, and G. Ellis conspired to retaliate against plaintiff by conducting multiple retaliatory cell searches because plaintiff filed lawsuits in which plaintiff received monetary settlements. (ECF No. 8.)

////

1

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Plaintiff propounded multiple discovery requests to the eight defendants, consisting of at least 210 pages. Given the large number of defendants and the volume of such discovery requests, defendants show good cause for the requested ninety-day extension of time to respond. Defendants are granted an extension to respond to plaintiff's discovery requests, including any request for production propounded to defendants Bustamante and Ellis, until September 14, 2021. Given such lengthy extension, defendants are cautioned that the court is not inclined to grant further extensions.

In light of such extension, plaintiff's request for additional time to review such discovery responses and prepare a motion to compel further responses, is also well-taken. The discovery deadline is extended to December 14, 2021, and the pretrial motions deadline is extended to March 14, 2022. All other provisions of the prior scheduling order (ECF No. 22) remain in full force and effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 24) is granted;

2. Defendants shall serve their responses to all of plaintiff's interrogatories, requests for production of documents, and requests for admissions, set one, on or before September 14, 2021;

3. The discovery deadline is extended to December 14, 2021; and

4. The pretrial motions deadline is extended to March 14, 2022. All other provisions of the prior scheduling order (ECF No. 22) remain in full force and effect.

Dated: June 28, 2021

kaha1807.ext.dsc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE