UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAHAKU, | No.  2:20-cv-1807 KJN P |
| Plaintiff, | |
| v. | ORDER |
| K. WALLACE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff's motion to compel production of documents, fully briefed, is now before the court.  As set forth below, the undersigned partially grants plaintiff's motion, grants the motion to modify the scheduling order, and denies plaintiff's motion for a copy of his deposition transcript.

I.  Plaintiff's Complaint

Plaintiff alleges the following took place while he was housed at Mule Creek State Prison. Defendants K. Wallace, A. Bustamante, T. Freitas, J. Vina, E. Speer, J. Canela, N. Hang, and G. Ellis conspired to retaliate against plaintiff for filing lawsuits in which plaintiff received monetary settlements by engaging in a retaliatory cell search on August 9, 2019, during which plaintiff's cell was trashed and his authorized radio was confiscated.[1]  Plaintiff was previously subjected to

---

[1] Plaintiff also refers to the alleged planting of evidence and false reports.  However, plaintiff was not charged with possession of the syringe; only his cellmate was charged with a rules

retaliatory cell searches on February 17, 2018, and May 18, 2019, and he and his cellmate Oscar

Machado pursued civil rights litigation concerning both prior incidents.[2]  (ECF No. 8 at 6.)  Such

retaliatory cell searches began after plaintiff received legal mail containing a settlement check

that should have been removed and deposited into plaintiff's trust account, and plaintiff took the

check to defendant Bustamante on or about February 10, 2018, to have the check deposited.[3]

(ECF No. 8 at 5.)  Plaintiff seeks, *inter alia*, money damages as well as injunctive relief

prohibiting defendants and their agents from retaliating and harassing plaintiff for his court

litigation.  (ECF No. 8 at 16.)

II.  Elements of Plaintiff's Underlying Claims

     "Prisoners have a First Amendment right to file grievances against prison officials and to

be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

prison context has five elements:  "(1) An assertion that a state actor took some adverse action

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

2005).

////

---

violation.  Therefore, plaintiff does not have standing to challenge either the alleged planting of
the syringe or the subsequent rules violation report issued solely to plaintiff's cellmate Oscar
Machado.

[2]  In Kahaku v. Bustamante, No. 2:18-cv-3001 (E.D. Cal.), plaintiff sued defendant Bustamante
and nonparty K. Young concerning the retaliatory cell search of February 17, 2018.  Id.  In
Kahaku v. Clays, No. 2:20-cv-0032 AC (E.D. Cal.), plaintiff sued nonparties Clay, Aguilar, and
Winkler, as well as defendants Bustamante and Wallace concerning the retaliatory cell search of
May 18, 2019.  Id.  Both searches took place at Mule Creek State Prison, and both cases were
settled by the parties in March of 2020.

[3]  The settlement proceeds were received from Kahaku v. Chamberlain, No. 2:16-cv-2395 DB
(E.D. Cal.).  Although the incidents at issue in Chamberlain occurred at Mule Creek State Prison
and included allegations of retaliation, plaintiff did not allege retaliatory cell searches, and none
of the defendants named in the instant action were named as defendants in No. 2:16-cv-2395 DB.
Id. (ECF No. 10.)

"To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific acts to support the existence of the claimed conspiracy." Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989). Such conspiracy claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must share at least the common objective of the conspiracy." Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010), (quoting United Steel Workers, 865 F.2d at 1541).

III. Motion to Compel Discovery

    A. Applicable Legal Standards Governing Discovery Disputes

        Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

        Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the

3

information he seeks through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").  However, the undersigned is vested with broad discretion to manage discovery; despite the discovery procedures discussed herein, plaintiff is entitled to leniency as a pro se litigant.  Thus, to the extent possible, the undersigned attempts to resolve plaintiff's motion to compel on the merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Actual possession, custody, or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "The party seeking production of the documents bears the burden of proving that the documents are in the other party's possession, custody, or control."  Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016) (citing United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id.  "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

That said, "[t]he 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" Roberts v. Clark County Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016).  The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." Id.  Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." Id.  This requires active involvement of federal judges to make decisions regarding the scope of discovery. Id.  To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2).  Limits should also be imposed where the burden or expense outweighs the likely benefits. Id.  How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

////

5

1                        Official Information Privilege

2          Federal common law recognizes a qualified privilege for official information.  See Kerr v.

3   U.S. Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197-98 (9th Cir. 1975), aff'd 426 U.S. 394

4   (1976).  To determine whether the official information privilege applies, the court must balance

5   the interests of the party seeking discovery and the interests of the government entity asserting the

6   privilege.  Soto, 162 F.R.D. at 613.  In the context of a civil rights action, "this balancing

7   approach is moderately 'pre-weight[ed] in favor of disclosure.'"  Bryant v. Armstrong, 285

8   F.R.D. 596, 605 (S.D. Cal. June 14, 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653,

9   661 (N.D. Cal. 1987)).

10         This court's duty to balance the parties' interests in disclosure are triggered when the

11   party opposing disclosure makes a "substantial threshold showing."  Soto, 162 F.R.D. at 613

12   (quoting Kelly, 114 F.R.D. at 669).  The party opposing disclosure "must submit a declaration or

13   affidavit from a responsible official with personal knowledge of the matters to be attested to in

14   the affidavit."  Soto, 162 F.R.D. at 613; see also Stevenson v. Blake, 2012 WL 3282892, at *2

15   (S.D. Cal. Aug. 10, 2012).  The declaration must include:  "(1) an affirmation that the agency has

16   maintained the confidentiality of the documents at issue; (2) a statement that the official has

17   personally reviewed the documents; (3) a specific identification of the governmental or privacy

18   interests that would be compromised by production; (4) a description of how disclosure subject to

19   a carefully crafted protective order would create a substantial risk of harm to these interests; and

20   (5) a projection of how much harm would be done to these interests if disclosure were made."

21   Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670).  "A strong affidavit would also

22   describe how the plaintiff could acquire information of equivalent value from other sources

23   without undue economic burden."  Soto, 162 F.R.D. at 613.

24         If the objecting party does not meet the requirements for invoking the privilege, a court

25   will typically overrule the privilege objection and order full disclosure.  Bryant v. Armstrong, 285

26   F.R.D. at 605.  "[I]f the party meets this burden, courts generally conduct an in camera review of

27   the material and balances each party's interests."  Davis v. Schneider, 2020 WL 9074713 at *7

28   (C.D. Cal. Dec. 18, 2020) (citing Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 671).

Local Rule 251

As set forth in the court's scheduling order, "unless otherwise ordered, Local Rule 251 shall not apply." (ECF No. 22 at 5.)

B. Discussion

1. Failure to Meet and Confer

Defendants demonstrated their efforts to meet and confer, despite plaintiff's bald claim that "defendants failed to respond to [plaintiff's] letter and an agreement could not be reached." (ECF No. 33 at 2.) In his reply, plaintiff failed to address defendants' detailed efforts they took to meet and confer, including discussing discovery at plaintiff's deposition. (ECF No. 34 at 11-12.) Rather, plaintiff appears to claim that he did not believe defendants would meet and confer because "they never intended to produce any of the discovery demanded by plaintiff." (ECF No. 35 at 2.) But such speculation is insufficient to support plaintiff's failure to respond to defendants' efforts. More importantly, such speculation does not give plaintiff license to misstate the facts in his motion. Plaintiff is cautioned that making untrue statements in court filings may result in the imposition of sanctions. That said, while plaintiff failed to properly follow the meet and confer process under Rule 37(a), defendants' objections are overruled.[4] The court relieved the parties of the meet and confer requirement under Local Rule 251 because plaintiff is incarcerated, making it difficult for the parties to engage in face to face conferences.

The court now turns to the merits of plaintiff's motion.

2. California Senate Bill 1421

In response to defendants' claim of privilege, plaintiff argues that SB 1421[5] entitles him to

---

[4] Federal Rule of Civil Procedure 37(a) contains a requirement that the movant attempt to resolve any disputes prior to seeking court intervention. However, while compliance with that rule has not been explicitly excused and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because plaintiff is incarcerated and proceeding pro se, it is not enforced here and does not provide grounds for denying the motion.

[5] California Senate Bill No. 1421 ("SB 1421") "revised the state's law on privilege and confidentiality of peace officer personnel records," Washington v. Hicks, 2021 WL 5967906 at *6 (E.D. Cal. Dec. 16, 2021), by amending "California Penal Code Section 832.7 to allow disclosure under the California Public Records Act (CPRA) of records" relating to, among other things, serious use of force or serious dishonesty. Ventura County Deputy Sheriffs' Assn., v.

1    production of the requested documents.  However, in section 1983 cases, federal law, not state

2    law, applies to resolve questions of privilege.  Kerr, 511 F.2d at 197.  "Questions of privilege that

3    arise in the course of the adjudication of federal rights are governed by the principles of common

4    law as they may be interpreted by the courts of the United States in light of reason and

5    experience."  U.S. v. Zolin, 491 U.S. 554, 562 (1989) (citing Fed. Rule Evid. 501).

6        Thus, because California law plays no part in construing the Federal Rules of Evidence,

7    there is no need to consider state law in determining privilege questions.  Miller v. Panucci, 141

8    F.R.D. 292, 299 (C.D. Cal. Jan. 21, 1992).

9                    3.  California Penal Code Section 832.7

10       California Penal Code Section 832.7 is not applicable on its face (ECF No. 34 at 14), and

11   plaintiff fails to explain why such code should apply.  Similarly, defendants, who objected on

12   such grounds in response to RPD No. 2 (ECF No. 34-2 at 7), do not explain why such code

13   should apply.  In any event, "federal courts do not recognize section 832.7 as relevant in

14   evaluating discovery disputes in 42 U.S.C. § 1983 cases."  See Medina v. County of San Diego,

15   2014 WL 4793026, at *7 (S.D. Cal., Sept. 25, 2014).

16                    4.  Discovery Requests at Issue

17       Plaintiff propounded the same requests for production to all of the named defendants, with

18   the exception of defendant Wallace, to whom plaintiff propounded additional requests.

19   Specifically, plaintiff challenges defendants' responses to requests for production numbers one

20   and two, which were identical as to all defendants, as well as defendant Wallace's responses to

21   requests for production numbers three and five.  (ECF No. 33 at 3-5.)  The undersigned now

22   addresses the challenged responses.

23           RPD NO. 1:  Produce any document logged within defendants'
             personnel file for similar acts of retaliation, any notice of progressive
24           discipline, adverse personnel action, counseling, reprimand,
             remedial training for misconduct, for dishonesty, willful
25           disobedience, inexcusable neglect of duty, insubordination, and code
             of silence.
26

27   _____

28   County of Ventura, 61 Cal. App. 5th 585, 589 (2021).  Defendants provided a copy of SB 1421.
     (ECF No. 34-2 at 113-19.)

RESPONSE TO RPD NO. 1:  Defendant objects on the grounds that this request is compound, vague, and overbroad.  Defendant objects on the grounds that the request calls for speculation.  Defendant objects on the grounds that this request seeks information that is not relevant to any party's claims or defenses, and therefore is not proportional to the needs to the case. Defendant objects on the ground that the request assumes facts not in evidence. Defendant objects to this request on the grounds that it seeks information that is part of Defendant's personnel information and is therefore protected from disclosure by the official information privilege, constitutional right to privacy, and various state and federal statutes governing the confidentiality of peace officer records, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043.  See Declaration of D. Santos asserting official-information privilege.

(ECF No. 34-2 at 5-6.)

<u>The Parties' Arguments</u>

Plaintiff contends that RPD No. 1 would lead to the discovery of admissible evidence. (ECF No. 33 at 8.)  He argues that supervisory staff allow defendants to act with impunity to retaliate against inmates who file civil suits, and plaintiff's claims are not limited to the August 9 cell search; rather, his cell has been "trashed" four times.  (Id.)  Plaintiff asks that if he cannot review defendants' personnel files, the court should review them in camera.  Further, plaintiff contended defendants' response is deficient because defendants' personnel files are relevant under Federal Rules of Evidence 404(b) in that they may demonstrate intent, motive and plan to subvert prison procedures to retaliate against inmates in violation of their constitutional rights to file grievances against staff for misconduct, citing multiple Ninth Circuit cases.  (ECF No. 33 at 96.)  Plaintiff argues that similar acts are relevant and admissible regardless of whether they occurred before or after the incident at issue, may be admitted to prove a correctional officer's intent where, as here, they deny violating an inmate's constitutional rights, and may also be admissible to prove a correctional officer's pattern or plan to intentionally abuse inmates under the guise of carrying out prison procedures (as alleged here).  Finally, plaintiff argues that the circumstances of defendants' prior retaliatory acts are admissible for impeachment purposes.  Fed R. Evid. 608(b).  (ECF No. 33 at 97.)  Plaintiff contends he is also entitled to discover information about complaints against the defendants because they are relevant to punitive damages.  (ECF No. 33 at 97.)  Plaintiff also objected that he had not yet received the declaration

9

1   of D. Santos asserting the official-information privilege.[6]

2        Defendants counter that plaintiff failed to show why the documents are relevant, failed to

3   identify any specific objection or privilege asserted that were problematic, and failed to

4   demonstrate defendants' objections or asserted privileges were unjustified.  As to RPD No. 1,

5   defendants disagree with plaintiff's claim that such documents demonstrate defendants' intent and

6   motive, arguing that plaintiff appears to be seeking collateral and not relevant propensity

7   evidence of defendants' character which is generally not admissible in civil rights actions.  (ECF

8   No. 34 at 13.)  Defendants contend that plaintiff's reliance on the cited Ninth Circuit cases is

9   misplaced because neither case is similar factually or as to causes of action, and do not involve

10  inmate claims or evidence of CDCR personnel files.  (ECF No. 34 at 13.)  In addition, the cases

11  that do involve correctional officers are out of circuit district court cases from Georgia and New

12  York, neither of which involves retaliation, similar allegations or privileges.  (ECF No. 34 at 13.)

13       Defendants point out that plaintiff failed to respond to any of the other asserted objections

14  or the assertion of the official information privilege.  As to confidentiality, plaintiff relies on

15  California Penal Code Section 832.7 which defendants contend is inapplicable on its face.  (ECF

16  No. 34 at 14.)

17       In reply, plaintiff argues that defendants' personnel files are relevant to demonstrate

18  intent, motive and plan because defendants subverted prison procedures to retaliate against

19  plaintiff and other inmates, citing inmate grievances filed by inmates Ruben Garcia and Lenis

20  Garcia.  (ECF No. 35 at 2.)  Plaintiff argues that such files may also disclose witnesses who

21  would testify as to the defendants' misconduct.

22       Further, plaintiff claims that defendants' reliance on the official information privilege is

23  improper to hide their misconduct and deny plaintiff evidence to substantiate his claims.  (ECF

24  No. 35 at 3.)  He contends that defendants have a lengthy history of misconduct against the

25

26  [6]  In the January 11, 2022 letter from defense counsel to plaintiff, counsel noted that per the
    included proof of service, the declaration was mailed to plaintiff on November 15, 2021, but a
27  courtesy copy of the declaration was provided with defense counsel's letter.  (ECF No. 34-2 at
    128.)  Because plaintiff was provided another copy of the declaration, plaintiff's subsequent
28  objections concerning such nonreceipt are omitted herein.

1   inmate population at Mule Creek State Prison where they engage in misconduct with impunity.

2   As to the Santos declaration, plaintiff contends that defendants' claim of "doom and gloom are

3   unsupported."  (ECF No. 35 at 3.)  Plaintiff needs the records, which are both material and

4   relevant, to support his case before the jury, and argues he has made more than a mere prima facie

5   showing of his entitlement to this important information.  He contends that if defendants' concern

6   with confidentiality and the threat posed by disclosure are problematic, the court should

7   reconsider plaintiff's request for appointment of counsel.

8        In addition, plaintiff's complaint alleges that the following defendants have significant

9   histories of misconduct, including retaliatory conduct, toward the inmate population at MCSP:

10  Wallace and Canela.  Plaintiff alleges the following defendants are subject to several internal

11  appeals/complaints by inmates at MCSP:  Wallace, Bustamante, Freitas, Vina, and Canela.

12  Plaintiff also alleges the following defendants made verbal remarks suggesting a retaliatory

13  motive for the cell searches:  Bustamante and Wallace.

14                      Discussion

15                      Overbreadth

16       The undersigned agrees that plaintiff's RPD No. 1 is overbroad in that it is not limited in

17  time or in the scope of the documents sought.  That said, plaintiff is entitled to certain discovery

18  materials related to his retaliatory cell search claims.  "Other courts have found that prior

19  complaints of misconduct made against a defendant are discoverable when sufficiently similar to

20  the claims brought in the instant suit."  Henderson v. Lizzaraga, 2020 WL 6820775 (E.D. Cal.

21  Nov. 20, 2020), citing Centeno v. City of Fresno, 2016 WL 7491634, at *7 (E.D. Cal. Dec. 29,

22  2016) (citation omitted) (narrowing Henderson's request for production because the action did

23  not proceed on any claims of excessive force).  Therefore, if narrowly defined, certain documents

24  contained in defendants' personnel files may be relevant to plaintiff's claims in this action.  See

25  Zackery v. Stockton Police Dept., 2007 WL 1655634, at *2 (in excessive force cases, the officers'

26  "personnel file information has been found to be quite relevant because they may reveal the

27  defendant officers' credibility, motive and patterns of behavior"); see Harris v. German, 2019 WL

28  4640503 at *8 (E.D. Cal. Sept. 24, 2019) (citations omitted) ("In an excessive force case such as

                                        11

this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized."). While defendants argue plaintiff seeks inadmissible character evidence by RPD No. 1, plaintiff contends the documents are admissible to prove intent, motive, pattern or plan; in any event, the ultimate admissibility of evidence is not pertinent under Rule 26(b)(1).

Thus, plaintiff's RPD No. 1 is hereby narrowed to all documents in the personnel files of each defendant, including notices of progressive discipline, adverse personnel action, counseling, reprimands, and remedial training, related to inmate complaints against any defendant alleging retaliatory cell searches due to the inmate's litigation activity. Further, the time frame for responses to RPD No. 1 is limited to February 17, 2017, one year prior to February 17, 2018, the date of the first alleged retaliatory cell search, through September 8, 2021, one year after plaintiff filed the instant action.

Official Information Privilege

In support of their assertion that defendants' personnel files are privileged, defendants provided a privilege log and the declaration of D. Santos, Litigation Coordinator at Mule Creek State Prison. (ECF Nos. 34-2 at 57-59 (privilege log); 61-69 (decl.).) In the declaration, Santos states that he has reviewed or is familiar with the documents and information that may be responsive to plaintiff's document requests which include confidential memorandums contained in defendants' personnel files. (ECF No. 34-2 at 64.) Santos states that such "documents contain information . . . classified as confidential under Code of Regulations, Title 15, Section 3321(a)(1) and (2), and would endanger the safety of persons within the prison and jeopardize the security of the institution if disclosed." (ECF No. 34-2 at 65.) With respect to plaintiff's request for documents from defendants' personnel files, Santos declares that:

- "disclosure of personnel material reveals investigative-technique information," and providing such information to an inmate would enable him to devise a plan to falsify misconduct accusations;

- CDCR considers personnel documents to be confidential, which allows CDCR to freely evaluate and investigate without apprehension that such internal checks and balances

12

might be used against the CDCR and its personnel, promoting honesty and cooperation from witnesses which assists the CDCR in correcting personnel problems and maintaining the institution's safety and security;

- disclosure of staff personnel information is strictly prohibited to protect staff and their families from assault, harassment, retaliation or other harm; disclosure could impair staff authority and effectiveness, undermine staff's ability to control violent disturbances effectively and with minimal force, and could result in further investigations by staff, disrupting normal prison activity and redirecting staff, undermine staff's ability to do their job, and could put plaintiff at risk from other inmates who may use force to obtain such confidential information, endangering the safety and security of the prison; and

- responsive personnel material may contain information about inmates other than plaintiff, which could allow the other inmate to be targeted or allow plaintiff to be targeted for harassment, assaults or death, which all jeopardize the safety and security of the staff and the institution, and violates California Code of Regulations, title 15, section 3370(b) ("no inmate . . . shall have access to another's case records file, unit health records, or component thereof.").

Santos declares that the risk is enhanced due to plaintiff's case factors, which include a history of committing violent crimes, including attempted murder committed after he was incarcerated. Indeed, since his 1999 commitment offense of kidnapping, plaintiff has sustained multiple serious rules violation reports and other lesser rules violation reports, is committed to the highest security level facility (IV) in California, and is suspected of being a gang member.  (ECF No. 34-2 at 68.) If plaintiff or another inmate obtains information as to investigative practices, he could manipulate situations and affect operations; the threat posed by disclosure is substantial.  (Id. at 69.)

Finally, Santos declares that there is no way for a protective order to guarantee that the information will not make its way into the inmate population, where the potential harm -- "assault, harassment, and retaliation on staff and witnesses, and institutional disruption -- is too severe to risk."  (ECF No. 34-2 at 69.)  The threat of civil or criminal contempt or sanctions are

13

unlikely to deter an inmate who has demonstrated a proclivity to violate the law.  A protective

order is inadequate to ensure the information will not be deliberately or inadvertently disclosed to

inmates who will use it for an improper purpose.

In addition, in the alternative, defendants argue that the court first conduct an in camera

review of any documents deemed responsive and provide defendants an opportunity to submit

additional supporting material for the privilege assertion, reiterating their position that the

benefits of disclosure to plaintiff do not outweigh the purposes of maintaining security and

confidentiality within the facility.  (ECF No. 34 at 17.)  In the event the undersigned overrules

defendants' assertion of privilege and finds disclosure is warranted, defendants seek a protective

order with proper redactions, and ask that the protective order provide that plaintiff may only

review the documents and not be permitted to retain the documents in his cell to prevent

dissemination of confidential documents.  (Id.)

Discussion

Initially, the undersigned observes that it is unclear how the plaintiff could otherwise

acquire information of equivalent value from other sources absent substantial expense.  As to the

Santos declaration, Santos confirmed he "reviewed" or was "familiar" with the requested

documents, including personnel files, meeting the second element, and identified interests

defendants believe would be compromised by production.  The undersigned agrees that disclosure

of investigative techniques poses a substantial risk.  Defendants also raise some legitimate

concerns about releasing personnel information into a prison population.  But it is unclear how

the disclosure of discipline or reprimands resulting from complaints of retaliatory cell searches

would pose such a substantial risk.  Accordingly, defendants are provided an opportunity to

submit additional supporting material for their privilege assertions which the court will take into

consideration in balancing plaintiff's need for such documents against the defendants' need to

maintain security and confidentiality within the facility, and taking into account plaintiff's

personal case factors.  Defendants shall produce any responsive documents to the court for in

camera review, and provide another set of responsive documents with proposed redactions, and

are granted leave to file a supplemental brief, and, if appropriate, a revised privilege log or its

1   equivalent pursuant to Federal Rule of Civil Procedure 26(b)(5).

2         RPD NO. 2:  Produce all inmate appeals kept within the Inmate
    Appeals Tracking System (IATS) and third level appeals at
3   Sacramento against defendant by inmates at MCSP for similar acts
    claimed in Plaintiff's lawsuit, specifically retaliation and filing false
4   reports (e.g. Rule Violation Reports, Criminal Reports, etc.).

5         RESPONSE TO RPD NO. 2:  Defendant objects to this request on
    the grounds that it is vague, ambiguous, overbroad in time and
6   subject matter, and compound. Defendant objects to this request on
    the grounds that it seeks information that is not relevant to any party's
7   claims or defense, and therefore it is not proportional to the needs of
    the case.  Defendant objects to the request on the grounds that of its
8   overbreadth and unlimited scope, in that it seeks "all inmate
    appeals."  Defendant objects to the request on the grounds of the
9   request's overbreadth and unlimited scope, in that it may apply to a
    wide variety of situations or conduct that have no bearing on this
10  lawsuit.  Due to subject matter overbreadth, documents deemed
    confidential may be responsive, the disclosure of which would create
11  a hazard to the safety and security of the institution, prison officials,
    and inmates, and violate privacy rights afforded to prison officials
12  and inmates.  Defendant objects to this request on the grounds that is
    seeks documents that have no relation to the claims in this case, and
13  retrieval of such documents would be unduly burdensome.
    Defendant objects to the request to the extent it seeks documents
14  protected under state and federal law, including the official-
    information privilege and Penal Code sections 832.7 and 832.8.  See
15  Declaration of D. Santos asserting official-information privilege.
    Defendant objects to the request to the extent it seeks documents
16  protected by the attorney-client privilege or work-product doctrine.
    Defendant objects on the basis that the request assumes facts not in
17  evidence.

18  (ECF No. 34-2 at 6-7.)

19                 The Parties' Arguments

20        Plaintiff argues that RPD No. 2 is reasonably calculated to lead to the discovery of

21  admissible evidence because several complaints/grievances have been filed against the defendants

22  alleging misconduct against inmates.  (ECF No. 33 at 8.)  Plaintiff asks that if he cannot review

23  such appeals, the court should review them in camera.  (ECF No. 33 at 8, 98.)  Plaintiff also

24  argues that the appeals are relevant to punitive damages.  (ECF No. 33 at 99.)

25        Defendants counter plaintiff's claim that such documents demonstrate defendants' intent

26  and motive, arguing that plaintiff appears to be seeking collateral and not relevant propensity

27  evidence of defendants' character which is generally not admissible in civil rights actions.  (ECF

28  No. 34 at 13.)  Defendants contend that plaintiff's reliance on the cited Ninth Circuit cases is

misplaced because neither case is similar factually or as to causes of action, and do not involve inmate claims or evidence of CDCR personnel files.  (ECF No. 34 at 13.)  They argue that the two cases that do involve correctional officers are out of circuit district court cases from Georgia and New York, neither of which involves retaliation, similar allegations or privileges.  (ECF No. 34 at 13.)

Defendants point out that plaintiff fails to respond to any of the other asserted objections or the assertion of the official information privilege.  As to confidentiality, plaintiff relies on California Penal Code Section 832.7 which is inapplicable on its face.  (ECF No. 34 at 14.)

Defendants raise the same alternative arguments set forth above concerning an in camera review and protective order.

In reply, plaintiff reiterates that the grievances sought are relevant to demonstrate intent, motive and plan to show defendants subverted prison procedures to retaliate with impunity against plaintiff and other inmates.  Plaintiff claims the following inmate appeals MCSP-A-19-01172; MCSP-A-19-00817; MCSP-A-19-00041; MCSP-A-18-05098, filed by inmate Ruben Garcia, CDCR No. J73373, and Lenis Garcia, CDCR No. J12590, alleged that defendant Wallace conducted retaliatory cell searches for filing grievances against him for misconduct, including breaking prescription glasses.  Plaintiff states that supervisors substantiated Ruben Garcia's retaliation claims against defendant Wallace, which Garcia is pursuing in Case No. 2:20-cv-1453 DMC (E.D. Cal.).  (ECF No. 35 at 2-3.)  Also, plaintiff argues that such appeals may also disclose witnesses who would testify as to the defendants' misconduct.

Discussion

As discussed above, the scope of discovery is broad, and the admissibility of evidence is not determinative to the issue of its discoverability.  See Fed. R. Civ. P. 26(b) ("[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.")  The undersigned finds that plaintiff's request for documents involving false reports are not discoverable as no rules violation report was issued against plaintiff based on the alleged planting of evidence.  See note 1, infra.  On the other hand, documents within IATS regarding appeals made by nonparty inmates against defendants involving similar acts claimed in plaintiff's lawsuit,

16

1   specifically retaliatory cell searches based on the nonparty inmate's litigation activity, appears to

2   be potentially relevant to plaintiff's claims.  See Tate v. Andres, 2020 WL 1984151 at *3 (E.D.

3   Cal. April 27, 2020) ("Although instances of misconduct related to other inmates would not

4   directly prove that defendant retaliated against plaintiff, used excessive force, or was deliberately

5   indifferent to his medical needs, sufficient similarities in complaints could potentially

6   demonstrate a pattern of conduct by defendant that would speak to his intent, which is a necessary

7   component to each of the claims against him.").

8        Defendants' objection that the request is overbroad in time and subject matter is sustained.

9   That said, the request can be narrowly tailored to all appeals in IATS submitted by nonparty

10  inmates claiming retaliatory cell searches based on the inmate's litigation activity conducted by

11  any of the defendants herein, and can also be limited in time.  See Taylor v. O'Hanneson, 2014

12  WL 2696585, at *5 (E.D. Cal. June 13, 2014) (although prisoner's motion to compel grievances

13  pertaining to "mistreatment of prisoners by defendants" was denied as overbroad, prisoner

14  granted leave to properly phrase a request specifically tailored to his claim of excessive force,

15  adding that legitimate privacy interests must be weighed against other competing interests.)

16  "Other complaints about conduct similar to that alleged in the complaint may lead to the

17  discovery of admissible evidence that could bear on plaintiff's claims, regardless of when the

18  complaints were made."  Garcia v. Cluck, 2013 WL 6441474, at *2 (S.D. Cal. Dec. 9, 2013)

19  (finding complaints by inmates about conduct similar to the plaintiff's allegations of retaliation

20  are relevant, and directing production of same with redactions based on potential privacy

21  concerns); see Houston v. Eldridge, 2018 WL 1014459, at *5 (E.D. Cal. Feb. 22, 2018) (finding

22  pro se prisoner entitled to discovery of grievances filed by other inmates against defendants for

23  similar claims, despite relevancy objection).  In the interest of proportionality, the time frame for

24  responding to RPD No. 2 should be limited to February 17, 2017, one year prior to February 17,

25  2018, the date of the first alleged retaliatory cell search, through September 8, 2021, one year

26  after plaintiff filed the instant action.  Such production should include the administrative appeals

27  identified by plaintiff in his complaint as alleging defendant Wallace conducted retaliatory cell

28  searches based on the inmates' exercise of their First Amendment rights:  Log Nos. MCSP-A-19-

1    01172; MCSP-A-19-00817; MCSP-A-19-00041; MCSP-A-18-05098, filed by inmate Ruben

2    Garcia, CDCR No. J73373, and Log Nos. MCSP-A-19-00039 and MCSP-A-118-05053, filed by

3    Lenin Garcia, CDCR No. J12590.[7]  (ECF No. 8 at 12; see also ECF No. 35 at 2-3.)  Such

4    production should also include grievances filed by Oscar Machado alleging retaliatory cell

5    searches by defendants Bustamante or Wallace:  Log Nos. MCSP-A-19-02006 and MCSP-A-19-

6    03375.  (ECF No. 8 at 12; ECF No. 35 at 3.)

7           That said, the production of such nonparty inmate appeals implicates third party privacy

8    interests.  It is difficult to balance the privacy interests at issue with plaintiff's need for disclosure

9    because it is unclear whether any responsive documents exist as to any defendant except

10   defendants Wallace and Bustamante, further no specific document was identified in the privilege

11   log,[8] and the undersigned has not had an opportunity to inspect any responsive document in

12   camera.  See Sinegal v. Duarte, 2014 WL 988572 (S.D. Cal. Mar. 10, 2014) (conducting in

13   camera review to evaluate privacy interests and assertion of official information privilege).  Thus,

14   to the extent additional nonparty inmate appeals challenging retaliatory cell searches by **any**

15   defendant exist responsive to RPD No. 2, defendants shall lodge with the court copies of such

16   documents (as well as the appeals identified by log number above) from IATS for an in camera

17   review.  As set forth above, the time frame for responses to RPD No. 1 is limited to February 17,

18   2017, through September 8, 2021.  Defendants shall produce to the court for in camera review a

19   set of responsive documents, and another set of responsive documents with proposed redactions.

---

[7]  In his complaint, plaintiff also claims defendant Speer retaliated against inmate Johnson by
conducting a retaliatory cell search.  (ECF No. 8 at 13.) (citing Johnson v. Clays, 2015 U.S. Dist.
LEXIS 122323 (E.D. Cal. Sept. 11, 2015).  In Johnson, the prisoner challenged cell searches that
took place in 2010, alleging retaliation.  Id.  The undersigned finds Johnson's complaint is not
relevant because the searches are too remote in time, and defendants were granted summary
judgment in that case.  Specifically, the court found that Johnson failed to adduce evidence that
defendant Speers was aware that Johnson had engaged in protected conduct.  Id. at *15.
       Plaintiff's reference to grievances filed by Eladio Rodriguez and Juanita Machado are not
relevant because they did not involve alleged retaliatory cell searches.  (ECF No. 8 at 13, 14.)

[8]  Indeed, defendants refer to appeals by non-party inmates kept within IATS, but do not address
plaintiff's request for third level appeals and given plaintiff's separate reference to such third
level appeals, it is unclear whether such appeals are also contained in IATS.  Defendants should
address this issue in their supplemental brief.

Defendants are granted leave to file a supplemental brief, and, if appropriate, a revised privilege log or its equivalent pursuant to Federal Rule of Civil Procedure 26(b)(5).  Following the in camera review, the court will address the privacy interests as well as defendants' assertion of the official information privilege.

### Defendant Wallace

The following two requests were directed solely to defendant Wallace.

> RPD NO. 3:  Produce anonymous note reflecting Plaintiff had a weapon within assigned housing on August 9, 2019.
>
> RESPONSE TO RPD NO. 3:  Defendant objects on the grounds that the request speculative and assumes facts not in evidence.  Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defense, and therefore it is not proportional to the needs of the case.  Due to the subject matter of the request, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, and violate privacy rights afforded to prison officials and inmates.  See Declaration of D. Santos asserting official-information privilege.

(ECF No. 34-2 at 7.)

> RPD NO. 5:  Produce all documents supporting Sergeant G. Junes' allegations Plaintiff had a weapon within assigned housing on August 9, 2019.
>
> RESPONSE TO RPD NO. 5:  Defendant objects on the grounds that the request is speculative and assumes facts not in evidence.  Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defense, and therefore it is not proportional to the needs of the case.  Defendant objects on the ground that Plaintiff assumes that a non-party has made such "allegations."  Due to the subject matter of the request, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, and violate privacy rights afforded to prison officials and inmates.  See Declaration of D. Santos asserting official-information privilege.

(ECF No. 34-2 at 8.)

### The Parties' Arguments

Plaintiff states that during a hearing for a grievance submitted by plaintiff's cellmate, Oscar Machado, log no. MCSP-A-19-02006, Sgt. G. Junes stated that the August 9 cell search

1   occurred because of an anonymous note received by staff claiming that plaintiff and his cellmate

2   had weapons in assigned housing.  (ECF No. 33 at 9.)  The note has not been produced.  (Id.)

3   Plaintiff claims the anonymous note is "very relevant" because defendants used the anonymous

4   note as a pretext to enter plaintiff's cell and conduct a search to deflect plaintiff's contentions that

5   the cell search was retaliatory in nature.  (ECF No. 33 at 99.)  Because the note is "anonymous,"

6   plaintiff argues that confidentiality cannot apply.  Plaintiff argues that an objection that a

7   discovery request is overly broad, burdensome, oppressive, and irrelevant is not an adequate

8   objection; the party resisting discovery must show specifically how "each" discovery request is

9   not relevant or how each question is overly broad, burdensome, or oppressive.  (Id.)

10        Defendants argue that plaintiff provided no specific argument as to either request, and

11   failed to discuss why documents supporting an allegation by a non-party are material to this

12   action.  In addition, plaintiff again failed to discuss why the official information privilege or

13   assertion of third-party confidentiality do not apply.

14        In reply, plaintiff argues that it is hard to understand defendants' claim of confidentiality

15   based on an anonymous note where the author is unknown, and there is no provision in Title 15

16   providing for the confidentiality of anonymous information.  (ECF No. 35 at 3.)  Plaintiff also

17   intends to call Oscar Machado as a witness.

18                    Discussion

19        The undersigned finds plaintiff's argument persuasive.  If defendants relied on an

20   anonymous note to conduct the search at issue herein, then plaintiff is entitled to see the note

21   based on the last element of the retaliation claim:  whether or not the cell search advanced a

22   legitimate correctional goal.  It is difficult to imagine how security would be implicated by the

23   disclosure of an anonymous note.  However, in light of defendants' request that the court first

24   review such documents in camera prior to ordering disclosure, defendants shall submit the

25   anonymous note to the court for in camera review.  If defendants propose any redaction of the

26   note, defendants shall provide a redacted version as well as the unredacted note, and address such

27   redaction in their supplemental brief.  If no such note exists, defendants shall provide the

28   appropriate response confirming the same.

Similarly, if there are documents supporting Sgt. Junes' allegations that plaintiff had contraband in plaintiff's cell on August 9, 2019, such documents would also be relevant to the question of whether or not the cell search advanced a legitimate correctional goal.  It appears unlikely that third party privacy issues are implicated because plaintiff was celled with Machado and is already aware of what happened to Machado after the cell search.  However, security concerns may be implicated by such documents if they divulge investigative techniques, confidential informants, etc.  Therefore, in response to RPD No. 5, defendants shall produce such documents, if they exist, for in camera review.  If no such documents exist, defendants shall so respond.

IV.  Motion for Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

V.  Motion to Modify Scheduling Order

Defendants seek an extension of the dispositive motions deadline in light of the pending motion to compel discovery, and because additional time is needed to investigate whether there is

21

1  a sufficient basis for filing a dispositive motion, including to conduct a site visit of Mule Creek

2  State Prison, and to conduct interviews of the eight defendants.  At present, site visits at Mule

3  Creek State Prison have been delayed due to staffing shortages.

4      Plaintiff did not oppose the motion.

5      Governing Standards

6      "The district court is given broad discretion in supervising the pretrial phase of litigation."

7  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

8  quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

9  cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

10  'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

11  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

12  Johnson, 975 F.2d at 607).

13      Discussion

14      In light of this order partially granting plaintiff's motion to compel discovery and

15  providing for an in camera review, as well as the difficulties counsel for defendants has

16  encountered in scheduling a site visit at Mule Creek State Prison, as well as conducting multiple

17  interviews and completing investigation, the undersigned finds good cause to modify the

18  scheduling order.  Moreover, if plaintiff is provided additional discovery following the in camera

19  review, he will need additional time to review any documents provided.

20      Good cause appearing, discovery is extended to September 30, 2022, for the sole purpose

21  of resolving the discovery requests at issue herein; the dispositive motions deadline is extended to

22  November 30, 2022; in all other respects the terms of the March 15, 2021 discovery and

23  scheduling order remain in full force and effect.

24  VI.  Request for Deposition Transcript

25      Plaintiff requests that defendants provide plaintiff with a copy of his deposition transcript.

26      Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that:  "When paid

27  reasonable charges, the officer [court reporter] must furnish a copy of the transcript or recording

28  to any party or the deponent."  Id.

Plaintiff contends that he is "entitled to a copy of the deposition transcript." (ECF No. 38 at 2.) Plaintiff does not indicate why he thinks he is so entitled, but to the extent plaintiff believes that because he is proceeding in forma pauperis, he would be provided a deposition transcript without charge, plaintiff is mistaken.

Nothing in the Federal Rules entitles plaintiff to a free copy of his deposition transcript. If plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to Rule 30(f)(3) of the Federal Rules of Civil Procedure. Moreover, there is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts. Finally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Therefore, plaintiff's request for a copy of his deposition transcript at the expense of defendants or at government expense is denied. However, if defendants rely on any portion of plaintiff's deposition transcript in support of a dispositive motion, defendants are required to provide plaintiff with copies of pertinent pages of the deposition transcript.

VII. Settlement Conference

On January 5, 2021, defendants' request to opt out of the initial ADR settlement conference was granted. (ECF No. 19.) However, on January 16, 2022, plaintiff wrote a letter to defense counsel offering to settle the case. (ECF No. 34-2 at 147.) If the parties now believe that a settlement conference would be fruitful, the parties may request one by completing the appended election form. If each party waives disqualification, the undersigned will hold the settlement conference, or the parties may request that the settlement conference be assigned to a different judge for settlement conference. If the parties agree that a settlement conference is warranted, after the election form is completed and signed by the parties, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 33) is partially granted. Within sixty days from

23

the date of this order, in response to:

(a)  RPD No. 1, from each defendant's personnel files, defendants shall produce to the court for in camera review all responsive documents as described above, from February 17, 2017, through September 8, 2021, related to whether such defendant engaged in retaliatory cell searches based on the complaining nonparty inmate's litigation activity.

(b)  RPD No. 2, defendants shall produce to the court for in camera review all nonparty inmate appeals in IATS for Mule Creek State Prison alleging a retaliatory cell search by any of the defendants based on the nonparty inmate's litigation activity from February 17, 2017, through September 8, 2021.

(c)  RPD No. 3, defendant Wallace shall produce to the court for in camera review the anonymous note referred to by Sgt. G. Junes in connection with the grievance submitted by Oscar Machado, log no. MCSP-A-19-02006.  If no such note exists, defendant Wallace shall so state.

(d)  RPD No. 5, defendant Wallace shall produce such document(s), if any exist, for in camera review.  If no such documents exist, defendant Wallace shall so state.

Where no responsive document exists, defendants shall serve plaintiff with a supplemental response and file a certification with the court.

Defendants are granted leave to file a supplemental brief, and, if appropriate, a revised privilege log or its equivalent pursuant to Federal Rule of Civil Procedure 26(b)(5).

For all documents submitted for in camera review, defendants shall provide one set of unredacted documents and another set of documents bearing proposed redactions, and submit such documents to kjnorders@caed.uscourts.gov.

2.  Plaintiff's motion to appoint counsel (ECF No. 36) is denied without prejudice.

3.  Defendants' motion to modify the scheduling order (ECF No. 37) is granted.

4.  Discovery is extended to September 30, 2022, for the sole purpose of resolving the discovery requests at issue herein; the dispositive motions deadline is extended to November 30, 2022; in all other respects the terms of the March 15, 2021 discovery and scheduling order (ECF No. 22) remain in full force and effect.

1    5.  Plaintiff's request for deposition transcript (ECF No. 38) is denied.

2    Dated:  June 28, 2022

3

4    _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE
5    /kaha1807.mtc

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL KAHAKU,                              No.  2:20-cv-1807 KJN P

12                  Plaintiff,

13           v.                                   Election re Waiver of Disqualification

14    K. WALLACE, et al.,

15                  Defendants.

16

17          The parties identified below wish to schedule a settlement conference and notify the court

18    of the following election:

19          ____ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing

20    below affirmatively requests that the assigned Magistrate Judge participate in the settlement

21    conference and further, the parties waive any claim of disqualification to the assigned Magistrate

22    Judge trying the case thereafter.

23          OR

24          ____ The party signing below requests that a different judge hold the settlement

25    conference.

26    DATED:

27                                               _____

28                                               By: