UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAHAKU, | No. 2:20-cv-1807 KJN P |
| Plaintiff, | |
| v. | ORDER |
| K. WALLACE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On June 28, 2022, defendants were directed to submit certain documents for in camera review. (ECF No. 39.) Defendants submitted such documents and filed a notice of compliance confirming that certain discovery responses do not exist. (ECF No. 42.) The court has completed the in camera review.

As set forth below, plaintiff's motion to compel further production of documents in response to request no. 2 is partially granted, and plaintiff is granted an extension of time to oppose the pending motion for summary judgment.

Plaintiff's Complaint

This action proceeds on plaintiff's allegations that while he was housed at Mule Creek State Prison, defendants K. Wallace, A. Bustamante, T. Freitas, J. Vina, E. Speer, J. Canela, N. Hang, and G. Ellis conspired to retaliate against plaintiff for filing lawsuits in which plaintiff

1

received monetary settlements by engaging in a retaliatory cell search on August 9, 2019, during which plaintiff's cell was trashed and his authorized radio was confiscated.  (ECF No. 8.)

Standards

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The Court has broad discretion to manage discovery.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); Jeff D. v. Otter, 643 F.3d 278, 289 (9th Cir. 2011) (citing Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)).

Discussion

In connection with their opposition to plaintiff's motion to compel further responses, defendants provided a privilege log (ECF No. 34-2 at 57-59) and the declaration of D. Santos, litigation coordinator at Mule Creek State Prison (ECF No. 34-2 at 61-69), objecting that the documents sought are subject to third party privacy interests and the official information privilege.  Pursuant to court order, defendants produced, for in camera review, documents related to nine different administrative appeals from the Inmate Appeals Tracking System ("IATS").  Upon review of the submitted documents, the undersigned finds that only three of the nine inmate appeals relate to allegations that one or more of the defendants were involved in cell searches at MCSP and alleged that such cell searches were conducted in retaliation for the inmate's protected conduct:  18-5098; 19-2006; and 19-3375.

The official information privilege is qualified.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages."  Id. "In the context of civil rights suits against [corrections officials], this balancing approach should

be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

Here, defendants failed to adequately demonstrate that these three inmate appeals are privileged. Indeed, the bulk of Santos' declaration focuses on the risks surrounding release of personnel material that may disclose investigative techniques. (ECF No. 34-2 at 66-67.) Inmate grievances against defendants based upon the same type of conduct at issue in this action are relevant. See Garcia v. Cluck, 2013 WL 6441474, at *2 (S.D. Cal. Dec. 9, 2013) (finding complaints by inmates about conduct similar to the plaintiff's allegations of retaliation are relevant, and directing production of same with redactions based on potential privacy concerns); see Houston v. Eldridge, 2018 WL 1014459, at *5 (E.D. Cal. Feb. 22, 2018) (finding pro se prisoner entitled to discovery of grievances filed by other inmates against defendants for similar claims, despite relevancy objection). Third party privacy concerns may be protected by redacting confidential information. Thus, the undersigned finds that plaintiff should be permitted to review the documents submitted in connection with the three relevant appeals. That said, the court is persuaded that security concerns, including plaintiff's case factors, should preclude plaintiff from retaining copies of such documents.

Recognizing the privacy rights of third parties and the interests of prison security, the undersigned finds that it is appropriate to permit plaintiff to review only the documents submitted in connection with appeals 18-5098, 19-2006, and 19-3375 that bear defense counsel's proposed redactions. Specifically, Appeal 18-05098 SLR (10 pages); Appeal 19-02006 SLR-SC (7 pages); Appeal 03375 FLR (5 pages); and Appeal 03375 SLR (10 pages), as redacted, shall be available for review. Counsel for defendants shall make arrangements with the Mule Creek State Prison litigation coordinator for plaintiff to review the redacted documents, and such review shall occur within the next thirty days. Plaintiff's review shall be two hours in length; plaintiff shall be provided with paper and writing material and be permitted to take notes. Plaintiff shall not be permitted to take possession of the reviewed documents. Such precautions address defendants' security concerns.

////

No less than fourteen days following plaintiff's review of these documents, plaintiff shall file a notice acknowledging that he completed the review.

Because defendants' motion for summary judgment is pending, plaintiff is granted an extension of time to oppose the motion. Within thirty days from the date plaintiff completes the review of the redacted documents submitted in connection with appeals 18-5098, 19-2006, and 19-3375, plaintiff shall file his opposition to the motion for summary judgment. Plaintiff is cautioned that failure to timely file an opposition to the motion for summary judgment may result in a recommendation that the motion be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further production of documents in response to request no. 2 (ECF No. 33) is partially granted;

2. Within the next thirty days, as set forth above, defendants shall allow plaintiff to review the redacted documents: Appeal 18-05098 SLR; Appeal 19-02006 SLR-SC; Appeal 03375 FLR; and Appeal 03375 SLR;

3. No less than fourteen days following plaintiff's review of the documents, plaintiff shall file a notice acknowledging that he completed the review;

4. In all other respects, plaintiff's motion for further production of documents (ECF No. 33) is denied; and

5. Plaintiff is granted thirty days from the date he reviews the redacted documents to file his opposition to the motion for summary judgment (ECF No. 45).

Dated: December 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kaha1807.icr